**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

WILLIE J STARR,                                                                PLAINTIFF
ADC #109194

V.                                              4:20CV00064-JM-JTK

ESTELLA BLAND, et al.                                                   DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following partial recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before

1

the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.    Introduction

Plaintiff Starr is a state inmate confined at the Varner Super Max Unit of the Arkansas Division of Correction (ADC).   He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 against Defendants, alleging deliberate indifference to his serious medical needs, state law medical malpractice claims and violations of the Americans with Disabilities Act (ADA).

Having reviewed Plaintiff's Complaint, the Court finds Defendants Parker, Gibson, Shipman, Carroll, Washington, Jones, and Taylor, should be dismissed, for failure to state a claim upon which relief may be granted.

### II.    Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are

legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.   See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).   An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.   Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7.   The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

III.   **Facts and Analysis**

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived the Plaintiff of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.Mo. 1993).   Plaintiff alleged that Defendants Bland and Smith deliberately denied him medical care and necessary special equipment. His allegations against medical Defendants Parker and Jones, however, fail to support any denial of medical care or ADA claims. He alleged that when he complained to Parker that Bland changed his insulin dosage, she responded that the dosage had not been changed. He also complained that when he saw Nurse Jones she gave him aspirin.

Plaintiff also alleged that the remaining ADC Defendants violated ADC policies and did not act on his behalf in response to the grievances he filed. He claimed they responded by stating that decisions about medical equipment are up to the provider. These allegations do not support a constitutional claim for relief.

To the extent that Plaintiff sued these Defendants based on their grievance responses, a "[prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates....it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (quoting Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982)).   Plaintiff "does not have a federal claim regarding how his grievances were processed, investigated, or responded to, even if they were not done by the appropriate personnel or in accord with the policies." Edgar v. Crawford, No. 08-4279-CV-C-SOW, 2009 WL 3835265, *3 (W.D.Mo. 2009).   In addition, they should be dismissed to the extent that he sued these them based on

their supervisory capacities. Supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions.   See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994).   A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation.   Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993). Yet, prison officials who do not have medical expertise cannot be held liable for the decisions of the medical staff. Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997). And, the law is clear that in order for an inmate to succeed on a medical deliberate indifference claim, "it must be brought against the individual directly responsible for [his] medical care." Kulow v. Nix, 28 F.3d 855, 859 (8th Cir. 1994). And finally, allegations of violations of ADC policy do not support a claim for relief. "[T]he mere violation of a state law or rule does not constitute a federal due process violation." Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992).

Therefore, the Court finds Defendants Parker, Gibson, Shipman, Carroll, Washington, Jones, and Taylor should be dismissed.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Defendants Parker, Gibson, Shipman, Carroll, Washington, Jones, and Taylor be dismissed, for failure to state a claim upon which relief may be granted.

IT IS SO RECOMMENDED this 27th day of January, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE