**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

WILLIE J. STARR,
ADC #109194                                                                              PLAINTIFF

4:20CV00064-JM-JTK

ESTELLA BLAND, et al.                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following partial recommended disposition has been sent to United States District Judge James M. Moody, Jr.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

**I.      Introduction**

Plaintiff Willie Starr is a state inmate incarcerated at the Varner Super Max Unit of the Arkansas Division of Correction (ADC).   He filed this action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs by Defendants. (Doc. No. 2) Defendants Parker, Gibson, Shipman, Carroll, Washington, Jones, and Taylor were dismissed on February 12, 2020 (Doc. No. 13).

This matter is before the Court on the Motion for Partial Summary Judgment on the issue of exhaustion, Brief in Support, and Statement of Facts, filed by remaining Defendants Bland and Smith (Doc. Nos. 43-45), to which Plaintiff responded (Doc. Nos. 49-51).

**II.      Facts**

In his Complaint, Plaintiff alleged Defendant Bland denied him the following medical treatment: a needed referral, pain medications, a shower chair, a wheelchair, a handicapped cell,

2

and authorizations for two mattresses, a lower tier/lower bunk, back brace, knee brace, shoe orthopedic appliance, and cane. (Doc. No. 2-1, p. 4) He claimed Defendant Smith denied the following medical treatment: referral, pain medications, shower chair, wheelchair, handicapped cell, medical authorization scripts, and violated ADC policy and the Americans with Disabilities Act (ADA). (Id.)

## III.   Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.   See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).   "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"   Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).   "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.   Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

At issue in Defendants' Motion is whether Plaintiff exhausted his administrative remedies as to all his claims against them prior to filing this lawsuit, as required by the ADC grievance procedures, Administrative Directives (AD) 14-16, 19-20, and 19-34 (Doc. No. 45-1, pp. 5-60),

and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.  Defendants present the Declaration of Jacqueline Buterbaugh, Medical Grievance Supervisor for Deputy Director Rory Griffin, who stated that the grievance process consists of an informal resolution, a formal grievance, and a grievance appeal to the Assistant and/or Deputy Director. (Id., pp. 1-2)   In addition, the policy requires that grievances "must specifically name each individual involved" for the purposes of exhaustion, and should be limited to one problem or issue. (Id., p. 1) Finally, the grievance process specifically directs that "'[i]nmates are hereby advised that they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit and Claims Commission claim. If this is not done, their lawsuits or claims may be dismissed immediately.'" (Id., p. 3) Ms. Buterbaugh reviewed Plaintiff's medical grievance file and found that from May 21, 2019 to January 15, 2020 (the date he filed this Complaint), he filed, appealed and exhausted eight medical grievances. (Id.) Based on this evidence, Defendants ask the Court to limit Plaintiff's allegations against them to the specific incidents/claims which were exhausted.

In Response, Plaintiff notes that he filed numerous grievances against Defendant Bland based on her denial of medical treatment and he then argues how both Defendants' actions violated his constitutional rights. He also states he grieved Smith's denial of a wheelchair and shower chair in grievances ##19-01605 and 19-01677, and his failure to order x-rays in #19-01925.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813

4

(E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

The PLRA requires "proper" exhaustion, which means "using all steps that the agency holds out, and doing so *properly*." Porter v. Nussle, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Porter, 548 U.S. at 90-91. In Burns v. Eaton, the Eighth Circuit Court of Appeals held that an

inmate's failure to specifically name a defendant and grieve his conduct in a grievance he filed about the incident at issue, mandated that defendant's dismissal for failure to exhaust. 752 F.3d 1136, 1141 (8th Cir. 2014).  In addition, in <u>Champion v. Akins</u>, the Court held that even if a defendant is named or identified in a grievance, an inmate's failure to explain the substance of the defendant's involvement in the incident, as set forth in the ADC grievance procedure, mandated dismissal of that defendant for failure to exhaust. 498 Fed. Appx. 670 (8th Cir. 2013 (per curiam) (unpublished opinion).

Plaintiff filed and exhausted the following grievances/issues:

- VSM 19-01579, filed June 10, 2019. He complained that on that day Bland refused treatment, pain medications, and hemorrhoidal ointment.

- VSM 19-01605, filed June 10, 2019. He complained about Bland's refusal to treat on June 10, 2019.

- VSM 19-01677, filed June 19, 2019. He complained that he fell on June 18 and the nurse who examined his swollen leg and knee called Defendant Bland, who refused treatment. She also instructed the nurse to take away his knee brace and to tell him to elevate his leg.

- VSM 19-01769, filed July 1, 2019. Plaintiff stated that Bland denied him medical attention and that Smith promised x-rays on two dates, June 21 and June 28.

- VSM 19-01925, filed July 17, 2019. Plaintiff stated he needed a wheelchair, and that medical refused him a wheelchair and shower chair. In the grievance response, the health services administrator noted that Dr. Smith saw him on July 19, 2019 and discussed the x-ray results and noted no indication to support the need for a wheelchair.

6

Smith ordered a walker for Plaintiff.

- VSM 19-02051, filed July 31, 2019. Plaintiff complained he can't stand, walk or lift and that the facility is not handicap-accessible. He asked for a wheelchair and medical attention. The health services response indicated Smith saw Plaintiff for an x-ray and evaluation for a wheelchair and that no physical limitation justified the chair.

- VSM 19-02052, filed July 25, 2019. Plaintiff alleged that both Smith and Bland refused him medical care and forced him to use a walker which caused him injuries, and threatened to take away his Gabapentin.

- VSM 19-02377, filed September 9, 2019. Plaintiff stated Smith asked officers if Plaintiff was faking, and also stated that Smith denied him x-rays, refused medical treatment, and denied a wheelchair and shower chair. The health services response stated that Smith saw him on August 28 for urinary complaints and on September 26 for hemorrhoid ointment and urinary pain. On appeal, the deputy director stated that a review of the medical record showed that Plaintiff was seen on August 28 by Smith about urinary complaints, but there was no indication Plaintiff was seen in the fifteen days prior to submission of the grievance concerning an x-ray, wheelchair, shower chair, or for an evaluation of his ability to walk.

The ADC grievance policies in effect clearly instruct inmates to "write a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses,..." (Doc. No. 45-1, pp. 9, 10, 28, 47) In addition, the policies state that inmates "must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit and Claims Commission claim. If this is

not done, their lawsuits or claims may be dismissed immediately." (Id., pp. 21, 41, 60)

According to the grievances presented, the Court finds that Plaintiff exhausted his failure to treat claims on June 10, 2019 and June 18, 2019 against Ms. Bland. He also exhausted his claim that she wanted to take away his Gabapentin, in #VSM 19-02052. He did not, however, exhaust claims relating to a wheelchair, shower chair, Insulin, and her telling Dr. Smith he was faking an injury. The claims exhausted against Defendant Smith are those presented in the June 21, 2019, June 28, 2019, July 19, 2019, and July 25, 2019 encounters. However, the shower chair claim was not exhausted as to either Defendant, because it was not addressed by either the Health Services Administrator or the Deputy Director in the appeals of grievance #VSM 19-02377. (Doc. No. 45-1, pp. 94-96)

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Partial Summary Judgment on the issue of exhaustion (Doc. No. 43) be GRANTED in part, and DENIED with respect to the Gabapentin claim.

IT IS SO RECOMMENDED this 2nd day of July, 2020.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE