# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

WILLIE J. STARR,
ADC #109194                                                                                                PLAINTIFF

4:20CV00064-JM-JTK

ESTELLA BLAND, et al.                                                                                 DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.      Introduction**

Plaintiff Willie Starr is a state inmate incarcerated at the Varner Super Max Unit of the Arkansas Division of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs by Defendants. (Doc. No. 2) Defendants Parker, Gibson, Shipman, Carroll, Washington, Jones, and Taylor were dismissed on February 12, 2020 (Doc. No. 13). Plaintiff's claims against Defendants Bland and Smith were further limited by the Court on July 21, 2020, based on his failure to exhaust his administrative remedies. (Doc. No. 57)

This matter is before the Court on the Motion for Summary Judgment, Brief in Support, and Statement of Facts, filed by remaining Defendants Bland and Smith (Doc. Nos. 68-70), to which Plaintiff responded (Doc. Nos. 72-76).

**II.     Facts**

Plaintiff alleged that he suffers from degenerative disc disease and has had three surgeries

in which rods, pins, and screws were placed in his back. (Doc. No. 2) Plaintiff also stated he suffers from diabetes, nerve pain, and high blood pressure. The issues of his Complaint were limited by the Court on July 21, 2020, to Defendant APN Bland's failure to properly treat him on June 10, 2019 and June 18, 2019, and Defendant Dr. Smith's failure to treat Plaintiff on June 21, 2019, July 19, 2019, and July 25, 2019. In addition, Plaintiff claimed both Defendants threatened to take away his Gabapentin prescription. Plaintiff alleged Defendants deliberately denied him needed medical care in violation of his constitutional and state law rights, and the Americans with Disabilities Act (ADA).

### III.  Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In support of their arguments that they did not deny Plaintiff medical care and that he disagrees with the type of medical care he received, Defendants present copies of Plaintiff's medical records and a Declaration of Dr. Gary Kerstein, the Physician at the East Arkansas Regional Unit (EARU). (Doc. Nos. 70-1, 70-2) According to the records, a non-party sick call nurse saw Plaintiff on May 30, 2019 for complaints that he fell twice in his cell and suffered from back pain. (Doc. No. 70-1, p. 1) The nurse noted that Plaintiff ambulated well with a walker and exhibited no signs of distress, that she saw no trauma to his legs or bruising or marks which may have been caused by a fall, and she prescribed Naproxen to be taken with Tylenol. (Id.) That nurse again saw Plaintiff at sick call on June 4, 2019 for the same complaints, but an additional complaint of numbness in his legs and feet and worsening back pain. (Id., p. 2) The nurse noted a steady gait with no difficulty ambulating, and that Plaintiff registered his pain at 4 out of 10. (Id.) She educated him on getting referred to a provider for numbness (Id.) Defendant Bland saw Plaintiff on June 10, 2019 for his numbness complaints and renewal of his hemorrhoidal cream. (Id., p. 3) She noted that he leaned forward on his walker with no assistance, and although he said his legs gave out on the way to the infirmary, security reported he had ambulated well the entire way with a walker. (Id.) Bland also noted that Plaintiff would not participate in a musculoskeletal examination. (Id.) She prescribed the ointment he requested together with blood pressure medication. (Id.)When he informed security that he would not be able to use the walker to get back to his cell, they took him back in a restraint chair. (Id.) On June 18, 2019, a non-party nurse examined Plaintiff at sick call with complaints that he lost feeling in his lower body, had no control of his legs, increased knee and back pain, and fell in his cell. (Id., p. 4) The nurse notified Defendant Bland of his complaints and of slight swelling on Plaintiff's left lower extremity. (Id.)

4

Bland told her to confiscate Plaintiff's knee brace if he no longer had a script of it, to prescribe Naproxen for pain, and to instruct him to return to his cell and keep his feet propped up. (Id.) Plaintiff's script for a knee brace had expired on March 13, 2018. (Id., p. 5)

Defendant Smith examined Plaintiff on June 21, 2019. (Id, p. 6) Plaintiff was in a wheelchair and complained of back and knee pain and lower body numbness and requested a shower chair. (Id.) Smith noted that Plaintiff could wiggle his toes, had well-developed musculature with no sores or muscle issues, and concluded Plaintiff likely suffered from degenerative disease of his lumbar spine and sciatica. (Id.) Smith denied the request for a shower chair, noting that Plaintiff's symptoms were inconsistent with recognizable pathology. (Id.) Smith saw Plaintiff again at sick call on June 28, 2019, for complaints of lower back and right shoulder pain and numbness below the waist. (Id., p. 7) Smith noted that Plaintiff could move his lower extremities and recoiled when he palpated Plaintiff's left ankle. (Id.) Although Plaintiff later said the ankle was numb, Smith noted it appeared painful but that Plaintiff could flex it. (Id.) Smith ordered blood work to determine the pathology of the swelling, and gave a verbal order for an x-ray of Plaintiff's lumbar spine on July 16, 2019. (Id., pp. 7-8) The x-ray report stated that Plaintiff had intact hardware in his back and mild osteoporotic compressions involving two vertebrae, with no clinical need for follow up. (Id., pp. 8-9) Dr. Smith saw Plaintiff at sick call on July 19, 2019 and reviewed the x-ray, noted the motor and sensory functions were intact, and concluded Plaintiff presented no physical limitations requiring the use of a wheelchair. (Id., p. 10) He prescribed hemorrhoidal cream and directed Plaintiff be again evaluated for a wheelchair at his next physical exam. (Id.) Plaintiff was given a script for a walker on July 25, 2019, extending through July 23, 2020. (Id., pp. 10-11)

Dr. Kerstein reviewed Plaintiff's medical records and concluded that Bland gave appropriate instructions to Plaintiff on June 10, 2019, and June 18, 2019, and also noted that when Plaintiff refused Bland's musculoskeletal exam he prevented her from rendering an objective assessment of his physical condition. (Doc. No. 70-2, pp. 1-3) In addition, he stated that she gave the nurse appropriate instructions on June 18, 2019, because the nurse did not note that Plaintiff could not move, or that he appeared to have suffered any injury. (Id., p. 3) He concluded that Bland's instructions to retrieve the unauthorized knee brace and for Plaintiff to elevate his feet were medically appropriate, and that he saw nothing in the records which made the knee brace an issue. (Id.)

Similarly, Dr. Kerstein found that Dr. Smith's treatment of Plaintiff was medically appropriate. (Id., p. 1) He noted that Smith conducted a thorough exam of Plaintiff on June 21, 2019 and appropriate assessed him as having degenerative disc disease and sciatica. (Id., p. 4) Kerstein stated Smith's findings did not justify a shower chair authorization, especially considering the x-ray results. (Id.) Smith's decision on June 28, 2019 to order blood work to determine the reason for Plaintiff's swelling was appropriate and Kerstein agreed that Plaintiff's subjective complaints were inconsistent with Smith's objective findings. (Id.) Finally, Kerstein stated that Smith's decision to deny Plaintiff's request for a wheelchair was well-supported, and he noted that Smith did authorize Plaintiff to have a new walker on July 25, 2019. (Id., p. 6) Kerstein stated that nothing in the records reflected that Smith ever determined Plaintiff needed an x-ray during either of the June encounters and that Plaintiff received both Gabapentin and hemorrhoid ointment during the relevant time periods. (Id.)

In his responses, Plaintiff stated that both Defendants intentionally and callously denied

6

him medical treatment and that he suffered from pain since May 2019. He stated Defendants deprived him of any type of medical examination and care, and that just a few pills were not treatment or care. Defendants also denied him a handicap cell, use of a wheelchair and an x-ray. He stated he is not suing Defendant Smith for not giving him an x-ray, but that he sued both Defendants for violating his constitutional rights in numerous respects over the course of several years. He disputes that he was able to ambulate with a walker in June and July 2019, claims Dr. Smith and a nurse routinely were high on drugs, and that Defendant Bland was an alcoholic. He stated he sued Defendants based on their lack of care from May 21, 2019, until the date he filed his Complaint, on January 15, 2020.

To support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendant acted with deliberate indifference to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional

violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds).  Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment."  Dulany, 132 F.3d at 1240.

Plaintiff has provided no evidence, especially in the face of the medical records, to show that Defendants violated his constitutional rights by acting with deliberate indifference to his serious medical needs. His complaint is a disagreement with the type of medical care provided, which does not support a constitutional claim for relief. Long, 83 F.3d at 765. Plaintiff was seen often, and the medical records show that many times when nurses visited him in his cell between May, 2019, and July, 2019, he voiced no complaints. (Doc. No. 70-1) The medical records also show that Defendants never ceased his prescriptions for Gabapentin or hemorrhoidal ointments, which were his major complaints.

The Court also finds his ADA and state law negligence claims should be dismissed. Claims under the ADA cannot be based on medical treatment decisions, and are properly dismissed for failure to state a claim. See Burger v. Bloomberg, 418 F.3d 882, 883 (8th Cir. 2005). And, the Court declines to exercise supplemental jurisdiction of Plaintiff's state law claims, given dismissal of his federal claims. McLaurin v. Prater, 30 F.3d 982, 984-94 (8th Cir. 1994).

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1) Defendants' Motion for Summary Judgment (Doc. No. 68) be GRANTED;

2) Plaintiff's constitutional and ADA claims against them be DISMISSED with prejudice;

3) Plaintiff's state law claims be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 16th day of March, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE