**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
Case: 4:20-cv-00064-JM-JTK

APR 15 2021

JAMES W. McCORMACK, CLERK
By: _XDee_ 2021 APR 15 A 9 17
          **DEP CLERK**

WILLIE J STARR ADC#109194
VARNER SUPERMAX
ARKANSAS DEPARTMENT OF CORRECTION
POST OFFICE BOX 400
GRADY AR 71644-0400

Objections: Reasons Why Proposed Finding and recommendations to the Defendant's [68] Motion for Summary Judgment Should Not be granted. And Why None of the Plaintiffs Claims Should be dismissed ---

Objections to Document #78 and the genuine issue of Material facts!! Facts for Trial!!

Reason Summary Judgement Should not be excepted! And Why there Should be a Jury Trial:

1) There are a Number of Disagreement in our Definition of the Words (1) Examination and Treatment plan: (I got Nether one).

(2) Yes, Ive Made it plan that I have What is Called degenerative Disc disease, and yes, I have Rods, pins, and screws in my back from Surgeries.

3) Yes, I am a diabetic and I have Whats Called Neuropathy pain. thats Why I Was on 800 mg of Gabapentin and Trimadol.

4) My Claim Should have never been Narrowed down by the defendant's lawyer, because I am Not Sueing them for June/July. I am Sueing the defendants for Violation of My 5th, 8th, & 14th Amendments Rights. (2) Also for the ADA Federal American With disabilities Act. (3) The denial of a Medical Examenation. (4) The Violation of ADC policies (5) for 10 Grievances I've had to file against the Mistreatment, the Discrimination against My disability. Failure to Diagnose and treat my Injuries, And So Much More! I had Nothing to Work With. to be Called Statement of Necessity "Until Now ...

— S.J.

"Facts"

The defendants, "Estella Bland" & "Aaron M. Smith" where at all times deliberately Indifferent to my Serious medical needs. 1) They Both refused to "Examen My Injuries", Neither defendant has (ever) look at my Body OR touched my Injuries, at anytime in these pass (two years) Ive been Injoried. Not even asked Me if I Could move my legs, Never even looked at my back Where Something is pushing against my Skin! (The So called treatment) I got from these two defendants is Just like "None treatment." I am So Very Sure that I have Some Torn Knee. ▌ (2) day delay-even to see her) ligaments and Something torn in both my legs but Both of The defendants denied me Anytype of (Medical Examination) for my legs, my Knee, and my Right Shoulder." Even thow their both Supose to Know that a providers deliberately failing to Scheduling a Specialist Visit for two years is a (Clear Violation) and likely to Cause Me Permanent "disability." The Courts has stated that an Unexplained "delay of hours" in treating a Serious injury States a (Prima facie Case) of (Deliberate indifference.) (It's been 2 years)! Brown V. Hughes, 894 F.2d 1533, 1538 (11ᵗʰ Cir 1990) Benjamin V. Schwartz, 299 F. Supp. 2d 196, 201 (SDNY 2004) Sulton V. Wright, 265 F. Supp 2d 292, 300 (S.D.N.Y 2003) Edwards V. Snyder, 478 F. 3d 827, 832 (7ᵗʰ Cir 2007 Dominguez V. Correction Medical Services 555 F.3d 543 551 (6ᵗʰ Cir 2009) (Deliberate Indifference)

*Facts*

1) It's been two years Sence I had the first accident on May 21th 2019. And (10) or more Grievance's later, and I still have not gotten an Examination for my Injuries. Neighter was I ever given any pain Medication that eliminated the pain and Suffering for even at least temporarily. I've Suffered in Constant pain Sence the first accident on May 21th 2019, Estella Bland had refused to even See me Until June. I put in Sick Call Request On May 22th /ad May 27th Before I was even Seen by Amy Jones On May 29th, Said I would See provider. I didn't See No provider... put in Sick Call June 3rd 2019 Nothing. Another June 6th 2019 No provider. Another one on June 16th 2019. This time I got to See The BDON, Ms Austin on June 18th 2019 and She is the ONLY person to ever Examen my Injuries Called Bland She refused to see me...

2) With regards to Document (68) page(1) #4. I was referred to See the provider Bland after My first Sick Call Visit With Amy Jones On May 29th But Bland Never Called me. I put in ② Sick Call on June 3rd Nothing. My Next Sick Call was June 10th and yes Bland refused to get up ad Examen My Injuries, "I had waited (3 days) to See the provider ad, then She would do Nothing for me." She lied Saying that I would Not participate With examination (See Sick Call Doc# 70-1 page 3 of 13). Also Notice She did not give me anything for pain. That Hydrochlorothiazide Cap She Ordered is a Water pill not a pain pill. And that Naproxen Tab 220mg for (3) day did Not eliminate My pain ad Suffering "Not even temporarily." Unnecessary pain, Plaintiff have an (8th) Amendment right to avoid pain Caused by "Deliberate Indifference."

Spruill V. Gillis, 372 F. 3d 218, 236 (3rd Cir 2004)
Farrow V. West, 320 F. 3d 1235, 1249-95 (11th Cir 2003)
Blackmore V. Kalamazoo County 390 F. 3d 890, 899-900 (6th Cir 2004)
Johnson-El V. Schoemehl, 878 F. 2d 1043, 1055 (8th Cir 1989)

"Facts"

(1) As far as the "Hemorrhoidal Ointment" goes thats was her thing, She like to keep me (begging her) every Month to renew the prescribed Ointment. All Other provider's and Doctor's would do an Examination On my Hemorrhoid's then renew the Ointment for (3) three months at a time. But I could neve get Amp Estelle Blands (OR) Aaron m. Smith to Examen any part of My Injuries, they did the Same thing every time I saw them, they set at that Computer and listen (OR) talked Non-Sense to me and then put me out. Document

(2) 68, page 2 of 3 - #5 ) yes Ms Bland enjoyed My pained Suffering She liked to Show me that She was in Control of Weather I got pain Medication (OR) Hemorrhoidal Ointment (OR) Not! When my pain med of Gabapentin 800 mg) ran Out and Needed to be renewed She laughed in my face and Said (NO), She wanted to take it away When Doctor William P. Scott Started me back On it but She know She couldn't discontinue a Medication that a doctor had prescribed for Neuro-logical pains. (So) She Just let it ran Out and refused to Reorder it.

3) She did not Care that it effected My daily Activities and is Serious Medical need. Taylor V. plousis, 101 F. Supp. 2d 255, 262 (D.N.J. 2000)

4) The defendant's didn't Care that I had lost Function in my legs (OR) that the Inability to walk this is a Condition that threatens my livilyhood. (OR) That the loss of full Function in my legs Constitut-ed a life long handicap (OR) a permanent loss. Koehl V. Dal-Sheim, 85, F. 3d 86, 88 (2nd Cir 1996) Schmidt V. Odell, 64 F. Supp. 2d 1014, 1030 (D. Kan. 1999)

5) Even having a Temporarily loss of Function in legs, Inability to walk I Shouldn't have been denied a Wheel Chair !

* To Deny Unnecessarily a Wheel Chair to Inmate who Obviously has an Injury and who lacks Mobility Without it. Deliberately Indifference
Baker V. Blanchette, 186 F. Supp. 2d 100, 103 (D. Conn. 2001)
Kaufman V. Carter, 952 F. Supp. 520, 527 (W.D. Mich. 1996)
pugliese V. Cuomo, 911 F. Supp. 58 (N.D.N.Y. 1996)

Pg #4 - S.J.

Document 68  Page 2 of 3  #6 : "No I am Not, I Repeat"
I am Not, Just Sueing The two defendants for threatening to
discontinue the Gabapentin 800mg (3x) Because I knew that
She would not renew it once the prestription ran out. This
woman has punished me every chance she has gotten sence they
sent me to Varner Unit in 2016. There was no Allegedly Nothing
I knew she would stop the pain med the first chance she got and
that would be Once the prestription ran out: (Just like She did)--
#7 Aaron Smith did promise me an X-Ray on My Back twice
but lied that he didn't make the promise. (I've got witnesses
to both inceidence's) but thats not the only reason Iam Sueing
Him. He forced me to tryad get around in a cell with the
kind of walker you can not use, If you cant stand up and
He (NEVER) Seen me stand because when he met me my
legs had already stop working (He) Aaron m. Smith came to
My cell twice ad He saw that I was Not able to stand up so
When I asked him for a Shower Chair and Wheel Chair he knew
that I really needed it. He seen how (Nasty and Filthy) I was
and I seen it in his eyes, that the way I looked Nasty as my
cell were he didn't want to touch me: I begged him both
times for a Shower Chair ad Wheel Chair each time he say
Well See: He had actual knowledge of the objectively and
cruel condition I was in, he knew my serious need for
medical help and the chairs, but he did not respond to
a reasonable request. He did not Examen me on any of
the provider visits, (Never) tried to diagnosis any of My
Injuries: Thats Medical Malpractice for None diagnosis
resulting from failure to exercise ordinary knowlege, Skill, and
Care, that constitute Malpractice: 827, 832 (SDNY 1998)
Hudak V. Miller, 28 F. Supp. 2d 827, 832 (SDNY 1998)
Hatha Way V. Coughlin, 37 F.3d 63, 66. (2nd Cir. 1994)

(State ment of fact)

"Estella Bland and Aaron. Smith" Both defendant (Denied me);

1) proper medical treatment for my __Injuries__, of __Torn Tendons__ in my (left Knee) and (leg). ② Sever Back pains that Causes (Numbness) In both legs and Other Body parts below the Waistline: This Clear Violation that __Estella Bland__ gratuitous = Unnecessary (OR) Un Wartanted; Un justified __21-Days Delay__ in treating my __Injury__ States, a (Deliberate Indifference) Claim regardless of the adequacy of later treatment. __But I Never got (adequacy of treatment),__ Spann V. Roper, 453 F. 3d 1007, 1008-09 (8th cir 2006).

2) ~~Two~~ ~~Delay to Injury~~ Two hour's Delay for Injury. Brown V. Hughes, 894 F. 2d 1533, 1538 (11th Cir 1990). States a prima facies Case of (Deliberate indifference.)

3) Also Failure to provide Continuous and Effective Pain-Relief Medication for prisoner's Known to have Severe Chronic pain, Lavender V. Lampert, 242 F. Supp. 2d 821, 898 (D. or 2002)

Also Failure to Make (Timely referral to specialist) [Deliberate Indifference] Lemarbe V. Wisneski, 266 F3d 429, 440 (6th Cir 2001) Dominguez V. Corr Medical Service, 555 F. 3d 543, 551 (6th Cir 2009) Sulton V. Wright. 265 F. Supp. 2d 292, 300 (S. DIV. y. 2003) [Deliberate Indifference]

Document #78-0 __page 4 of 9__ Declaration of. Gary Kerstein (He Said) According to the Records a None party Sick Call Nurse saw the Plaintiff on May 30, 2019. (NO) She __is__ a party to this Case Thats __Ms Amy Jones__ and She is (OR) Can be Called as a Witness to Many of the events that has taken place Over the past (2) years Concerning the "So Called" treatment that I have received from the defendant __Dr. A. M. Smith__ Over the past (2) Years and Also Estella Bland...

Pg #6 - S.J.

Doc# 78-0 page 4 | Facts

Dec #70-1 pg 1 The Nurse Noted that plaintiff ambulated Well With a Walker and exhibited no Signs of distress. That is Said to be (Amy Jones LPN) Say She Saw No Signs of trauma to leg OR bruising OR marks. Well I am Sure She didn't Since She never examen me. See thats the Part I See that theyre all leaving Out, I am fully dressed each and every-time I leave my Cell and go to Sick call OR provider call, and Not Once have any of them ask to See my Injuries. I've tried to Show them to Ms. bland and Mr. Smith (Many times) but they Would Simply look Annoyed (OR) disturb by the Way I looked OR Smelled. Remember I had not had a Shower in days by this time! So how Would She See trauma or bruising or mark(s) if they never looked). Now if you Would please, lets Jump up to the 18th of June 2019 When I Was Carried to Sick Call by CO A.J. Burton and Ms Gay Scorts to Sick Call Visit. This is When I meet, (ADON - Ms Austin) the ONLY professional (Nurse) or person, that I have ever in the years that I've been at this Unit had the privilege to meet, She is the ONLY One Who has "ever" Examen me!!! While She Was talking to me and pulled up my pant leg to examen my Knee and leg I looked up at Nurse Amy Jones, Who Set there like Someone had Slapped her face, She Was So Irritated by the fact that this Way this Wonderful lady Was doing her Job the right Way. I Was So Over Joyed that Someone had really taken the time to really look at My Injuries, that I almost forgot Where I Was, I Cried In a Silent Way and thanked God! Then Ms Austin, turned to Amy Jones and told her to Call Bland and tell her that I needed to be Seen today! Amy Jones left out of that office to go Make the Call and Ms. Austin Continued to Examen My Injuries my back and Neck too. Then Amy Jones Came back and Said that Bland Said (NO) She Would Not See ME, and if I Still had my Knee brace

Pg# 2 - S.J.

to take it away from me; Send me back to my Cell to put my feet up. Ms. Austin looked like - What the hell Just happened, I Said to her - Thank you Ms Austin, I really appreciate you for your kindness and for Caring. Then Amy Jones told the officers to take me back to my Cell ... I really Would beg the Courts to Call the ADON Ms Austin, Because She is the ONLY person to Ever Examen my Injuries! I Swear I to God! Nulley S. Austin

Document # 78-0 page #5   Defendant Dr. A. M. Smith defendant Smith did not Examen me, [redacted] At any of the Medical Visits that I had With him and Amy Jones. Every time I Saw Dr. Smith. Amy Jones Was always With him, and allway acted Irritated and in Such a hurry to Move on to the next Stop. OR Maybe it was Just that She didn't like being around Someone Who Smelled of Urine/musk: It had been a While Sence I had taken a Shower and that's Why I asked for a Wheel Chair and Shower Chair. But each time I Went to See eighter of the defendant for provider Calls and Ask again and again for a Shower Chair and Wheel Chair - I allways Got the Same answer (NO) and With No reason Why NOT --- Any Way Notice that Dr Smith Says: June 21, 2019 plaintiff Was in a Wheel Chair OR Should I Say that Whom ever Made the Out Document # 78-0 Filed 03/16/2021 page 5) Said that the Plaintiff on June 21, 2019, Was in a Wheel Chair? Which is Not true: Because I Did not get the Wheel Chair Until Oct 25, 2019 (See) Exhibit W-1 page 105 of Document # 2-0 Filed Date 1-15-2020:

Now On that Friday, June 21th 2019 I Saw Dr. Smith and yes I Was in lots of pain (Just like I am in Right Now - in 2021.) I Was in a restraint Chair and yes I asked for a Shower Chair and I also Asked for a Wheel Chair → Now please explain to me (If you Can) how is it that Dr. Smith Seen all these problems going on With my Health and He "NEVER" Touched me OR Examened Me?? How Would he know if I had ✱ Well-developed Musculature With No Sores (?) muscle

Pg #8 - S.J.

"Facts"

issues. He Concluded that plaintiff likely Suffered from degenerative disease of his lumbar spine and Sciatica. These are all the things I told him While he set in that Chair at the Computer also reading my Medical file. If he had did Any Examination on me on June 21th 2019 As he says he had, then he Would have seen everything that ADON ms. Austin Seen When she did Examen me 3 days earlier, When she'd Examen me on June 18th 2019. He lied in his Medical Report He Never even looked at me, let alone Examen me, he lied... He lied about everything and Amy Jones lied on her Sick Call Report, She reported Slight Swelling and hardness on the phone to the defendant Estella Bland on 6/18/2019. That was not what ms Austin told her to say to Bland, She said tell her he has leg Swelling and disfigured Vard Knee. They Never paid her Any attention, they Never Cared What my Medical Health issues Were, Bland only Wanted to hurt me, Make me pay for having her Kicked off Tucker Max grounds... She was humiliated, Shamed, to be escorted off the Compound by the Warden David White and officer's, Everyone Knowing that She had been drunk on the Job. I Swear To God it's true.

Any Way Dr. Smith and Estella Bland Never really gave it Much thought to the Medical Reports that they Where Making Out, Because if they had, they Would have realized that their report Would not Match up to the truth. As a matter of fact My left Knee is Still disfigured, And Smith Never touched any part of me on my Ankle, Knee, or Shoulder these are all things I've told him Was Wrong with me. I Was Never evaluated for a Wheel Chair or Shower Chair Because they Never entended to let me Use them. That is Until Doctor William p. Scott of the Cummins Unit gave me One On 10-25-2019 and he also put me back On pain Medication for my Neuropathy pain Gaba-pentin 800mg. Which the two defendant Kept telling me that they Would Stop-discontinue if I Complained about falling again. But me falling had Nothing to do With it, Bland Wanted me to Suffer for What I had to do With her getting sent away from tucker Max Unit, pay back.

Pg #9 - S.J.

*Facts*

1) Dr. Aaron M. Smith Was New to the Job and he Mostly Just Followed on Whatever Bland Said about [US] prisoner's: Any Way he Stayed to high on Drugs to Use his own [OR] to Exercise Ordinary Knowledge, Skills, and Care (Constitute Malpractice.)
Coppage V. Mann, 906 F. Supp. 1025, 1040, 1049 (E.D. Va 1995)
[Medical Malpractice]
Scicluna V. Wells, 345 F. 3d 441, 446 (6th cir 2003
Hudak V. Miller, 28 F. Supp. 2d 827, 832 [S.D.N.Y. 1998)

2) The two Defendants Intented to Keep me in pain Without any Medical Justification and the Sheer Number of Specific instances in Which the defendants insisted on Continuing a NON-Treatment Course of treatment "that they both Knew Were painful, and ineffective," and entailed Substantial risk of Serious harm to prisoner's:
White V. Napoleon, 897 F. 2d 103, 109 (3d Cir 1990) [Deli-Indifference]

3) Inappropriate treatment and the denial of Wheel Chair/Shower's/a for No Valid Reason States a (Deliberate Indifference) claim:
Parham V. John Son, 126 F. 3d 454, 457-58 n7 (3d cir 1997

4) Grossly incompetent and recklessly inadequate Examination by a licensed physician [Deliberate Indifference]

5) Plaintiff Should be permitted to Prove that treatment deviated So far from professional Standards that it Amounted to (Deli-Indiff)
Smith V. Jenkins, 919 F. 2d 90, 93 (8th cir 1990)

6) A Doctor Who Knew that Diabetics are at risk for feet problems and they require prompt Care to prevent long term Complication's but he Waited [Two days] before he Examined a patient With Complaints of pain and dis Colored-disfigured Skin on leg and he Waited [Seven] more days before he referred patient to the Oppropriate Specialist (is a (Deliberately indifferent)
Spencer V. Sheahan, 158 F. Supp. 2d 837, 849-50 (N.D. IL 2001)

7) [Actual Knowledge] Both defendants Knew My Health Condition and they knew that I had a prescribed Medical Strip from Medical Doctor's and a Surgeon, yet they
Pg. #10 - S.J.

*Facts*

Refused to Renew this Stript knowing that When a person don't get the prescribed Medical treatment, their health Can ad likely Will be damaged. Both defendants knew this fact (Delibe<u>rate Indifference</u>) Farmer V. Brennan, 511 U.S. 825, 842-43, 114 S.Ct 1970 (1994)

8) Absence of Objective evidence of Pain ad Suffering did not excuse a refusal to treat the problem's, Since (Self Reporting) is often the Only indicator a Doctor has of a patients Condition of Suffering. Greeno V. Daley, 414 F.3d 645, 655 (7th Cir 2005)

9) Even Without the policies (OR) no Violation of policy, the policies are a evidence of the (defendants knowledge) of the risk inherent In these CircumStances. Evidence of Knowledge of the said Injuries.. Mata V. Saiz, 427 F.3d 745, 757 (10th Cir 2005) <u>Dass V. Wallenstein, 769 F.2d 1173, 1184-86 (7th cir 1985)</u>

10) Failure to treat Inmates Worsening pains is — (Delibe<u>rate indifference</u>) Stewart V. Murphy 174 F.3d 530, 535 (5th cir 1999) Perkins V. Kansas Dept of Corr, 165 F.3d 803, 811 (10th Cir 1999)

11) The Denial (OR) Delay of Access to a doctor Capable of assessing the Need for post operative treatment is a (Constitutional Claim). • West V. Keve, 571 F.2d 158, 162 (3d cir 1978) Deprivation of Medical attention for (3) three day. • Robinson V. Moreland, 655 F.2d 887, 889-90 (8th cir 1981). • Hurst V. phelps, 579 F.2d 940, 941-42 (5th cir 1978. • Alsina-Ortiz V. Laboy, 400 F.3d 77, 83. 1st Cir 2005)

12) The Seriousness of Injury, reasonable Doctor (OR) patient Would fine Important enough ad Worthy of Comment ad treatment, Supports a find-In of Serious medical need. (Hemorr<u>hoids</u>) McGuckin V. Smith, 974 F.2d 1050, 1059-60 (9th Cir 1992). • Henderson V. Harris, 672 F.Supp. 1054, 1056, 1059 (N.D. Ill. 1987) • Davis V. Jones, 936 F.2d 971, 972 (7th cir 1991)

Pg #11- S.J.

Now, if you would, lets take a look at Gary r. Kerstein's (Declaration). He state that he is a doctor of Osteopathic (RJ)

Osteopathy = A System of medicine based on the theory that disturbances

(Doc #72-2 page 1 of 7)  in the musculoskeletal system effects other bodily parts, causing disorders that can be corrected by various manipulative techniques in conjunction with conventional therapeutic procedures.

Musculoskeletal = Relating to or involving the muscles and the skeleton. Ive Never gotten any Theraphy!

Now you tell me why would a Doctor of (Osteopathic) agree with treatment such as Ive been given? Unless thats what he has been Hired to do, agree with them OR Is it that he Just dont know the truth?! Mr. Kerstein has a habit of saying Quot: [I have been informed] Well he has been informed wrong, these Medical Records are Made up (lies). Estelle Bland & Peron m. Smith has [Never ever] Given me an Examination, Never have the defendants looked at my Injuries, Nor have eighter of the defendants touched any of my Injuries! He is Only Repeating what they have written in their reports, which is all lies...

Then he Says: He is Suing Bland for her decisions on (June 10 and June 18) and a legally threatening to discontinue his Gabapentin....

The Same Saying: But I am Setting here right now in a Wheel Chair that I With Smith I wish I could get up and walk away from. This (Kerstein) fellow is basing his Opinions on what he has read in their med Records. There are to Many lies to Conten with But One Fact to be believed is (Security is Witness and I do wish to Call them as witness) The difficulties Ive gone through these pass (6) years with Bland's is Mind blowing at the least.

1) Both Defendants acted with deliberate indifference to a Serious Medical need: Prison physicians are entitled to exercise their Medical Judgment How Can you Make a Judgment on prisoner's you have NEVER given an Examination to? A person you have Never touched — OR Never Seen what color his Skin is under his Clothes? All Ive Ever asked for was a Medical Examen!! The Only person to ever Examen my Injuries was the ADON Ms. Austin The Only One, The Only Other Who Examen my Feet and left leg was Dr. William P. Scott 10/25/2019

Pg. #12 – S.J.

*Facts*

The Doctor Who gave me this _Wheelchair_ to get me up off this nasty Concrete floor, Giving me _Mobility._ Deliberately
Failure to physically Examen a patient is a Indifference
Where the prisoner Was NEVER, touched, that's not an Examen:

And if your trying to help and not hurt a prisoner Why Would you take away a prescribed Medical Medical Restriction Stript that provided the Inmate protection against further Injury?? The taking away of that Medical Restrictions/Limitation/special Authorization's Stript, Was punishment, When all the defendant's had to do Was Sign their name On a peace of paper that Would have Saved the plaintiff a lot of years of pain and Suffering and further Injuries. Bland Couldn't Wait to See that the Stript had ran out on the Knee Brace, to take it away also① Confiscation of a prescribed _back Brace/Knee brace_② To take away Stript for _low tier/low bunk_ and ③ To take away a _Double Mattress_ stript④ Soft Shoe Stript! This Was all done to punish the plaintiff and States a Claim Deliberately Indifference.

Jones V. Evans, 544 F. Supp. 769, 774-76 (N.D. Ga 1982)

McCorkle V. Walker, 871 F. Supp. 555, 558 (N D N Y 1995)

Hamilton V. Endell 981 F. 2d 1063, 1066-67 (9th Cir 1992)

1) Failure to physically Examen patient is a deliberate indifference) Doctor Never touched patient, Was not an Examination:
Seals V. Shah, 145 F. Supp. 2d 1378, 1385. (N. D. Ga 2001)
Williams V. patel, 104 F. Supp. 2d 989, 987 (C. D. Ill 2000)

2) physician failed to diagnose broken hip, refused to Order (X-Ray) & prevented prisoner from Seeing - Other Doctors (OR) Specialist...
Mandel V. Doe, 888 F. 2d 783, 789-90 (11th Cir 1989)

3) Failed to - No refused to Send prisoner With Symptoms of Tendon ruptured to a Specialist Constituted Deliberate indifference)
Hemmings V. Gorczyk 134 F. 3d 104, 108 (2d Cir 1998)
Hayes V. Snyder, 546 F. 3d 516, 526 (7th Cir 2008)
Williams V. Liefer 491 F. 3d 710, 714-15 (7th Cir 2007)

Pg #13-S J.

Fact

⊘ The <u>ADA</u> Say that the Standard applied Under the Title V of the Rehabilitation Act of 1973 (29 U.S.C. 790 et seq) Or Federal agencies pursuant to title 42 USC. 12201(a). This Means that the ADA has to provide as good an Outcome[oo] better the Rehabilitation Act, <u>but</u> in theory it may provide a better One! <u>The Eighth Amendment forbids exposure of prisoner's to Condition's that pose" an Unreasonable risk of serious damage, to their future health:</u>

1) I've been treated like an broke back dog by the two defendants Sence the Very begining — of My accident May 21th 2019.
<u>Yes Key V. Penn, Dept of Corr. 118 F.3d 168, 170, -71 (3d Cir 1997)</u>
<u>affd. 524 U.S. 206, 118 S. Ct. 1952 (1998)</u>
<u>Onishea V. Hopper, 171 F.3d 1289, 1301-04 (11 Cir 1999)</u>

2) The ADA shall not be Construed to apply a lesser Standard than is applied Under the Rehabilitation Act, and its Regulations, <u>28 C.F.R. §35.103.</u> So you Will have to compare the ADA Regulations <u>28 C.F.R. part 35</u> to the Rehabilitation Act Regulation, Which are in the Code of Fed Regulation:
(Health and Human Services) are in <u>45 C.F.R. part 84</u>
(Justice Regulation) are in <u>28 C.F.R. part 42.501 et seq</u>
(Education Reg) are in <u>34 C.F.R. part 104</u>

3) Americans With Disabilities Act — Reflex on degree, Contemporary Standards of Decency Concerning treatment of individuals With disabilities. <u>Gonyer V. McDonald, 874 F.Supp. 464, 466 (D. Mass. 1995)</u>
<u>Morales Feliciano V. Romero Barcelo, 672, F.Supp. 591, 617-19 (D.P.R 1986)</u>

4) I've been denied the Chance of Rehabilitation Therapy for (2) years Now.
<u>Parrish V. Johnson, 800 F.2d 600, 605 (6th Cir 1986)</u>
Deprived of a <u>Wheel Chair</u> and <u>Shower Chair</u>
<u>Kaufman V. Carter, 952 F. Supp. 520, 526 (W.D. Mich 1996)</u>
<u>Ruiz V. Estelle, 503 F. Supp. at 1346</u>
<u>Brown V. State 392 so 2d 113, 114-15 (La App. 1980)</u>

Pg# 14-S.J.

Facts

1) The defendants Denied me the Basic Human Needs, deprived me of my dignity — Sanitary Condition a Condition that persisted Over a long period of time; denied use of toilet dehumanizing prison Condition.

(A) I was denied a (Wheel Chair) for 124 days on the floor:

(B) I was denied a (Shower Chair) for 397 days until I broke out On my Body with sores and Boils — (No Shower):

(C) I was deprived of a (Handicapped Cell) ● 77 days,

(D) Denied A (Medical Examenation) ② two years for my Injuries:

(E) Denied (Continue pain medication): Period

(F) Denied (Orthopedics (OR) Neuro Surgeon) Visit — Consultation:

(G) Denied (X-Ray's) On My Hip, left Knee, 2-years Right Shoulder:

2) The Humiliation and mental Stress, the General pain and Suffering; the Nature, and the extent and duration of the injuries to my Body and mind.

3) When all I've ever asked for is a (Medical Examination) to be treated with a little (human dignity) (Continue pain medication) and (a Consultation) with a Specialist; And my (Basic human needs) to be met by Medical dept:

4) Enstead I've been treated like a Wounded Animal with an broken back, Deprived of Human needs, medical and mental help for my Serious Medical needs: (A) Wilson V. ● Seiter, 501 U.S. 294, 298, 111 S.Ct 2821 (1991)

(B) Farmer V. Brennan, 511 U.S. 825, 834, 114 S.Ct 1970 (1994)

5) Condition's of UnNecessary and Wanton infliction of pain (Also the deprivation of life's Necessities. pain thats Causing deprivation of my Sleep and Mental balance; personal Hygiene, Shower 2 Wheel chair ..

(A) Rhodes V. Chapman, 452 U.S. 337, 347, 101 S.Ct 2392 (1981) Mobility:

(B) Helling V. McKinney, 509 U.S. 25, 32, 113 S.Ct 2475 (1993)

(C) Palmer V. Johnson 193 F.3d 846, 852 (6th Cir 1999)

(D) Novak V. Beto, 453 F.2d 661, 665 (5th Cir 1971)

(E) Carver V. Bunch, 946 F.2d 451, 452 (6th Cir 1991)

(F) Hoptowit V. Ray, 682 F.2d 1237, 1246 (9th Cir 1982)

Pg #15 — S.J.

Facts
(Expert - testimonies)

To reject my expert Testimony OR Even the Idea that my experts testimony about what a Competent doctor Would Know Can/Will Establish what a particular defendant did Know: 8th Amendment Claim and deliberate indifference Standard Requires only that these's two defendants had Actual Knowledge that a Medical Doctor did prescribe Me that Medical Strip and pain Medication. But When a prescribed Special Strip and treatment is Not followed the person/prisoner future Health Can and Will be damaged. There is no excuse for refusing an Inmate an Examination before Discontinuing a (prescribed treatment plan)(prescribed Medical Special Strip) OR to Refuse the Inmate any kind of (treatment), Since Self reporting is Often the Only indicator a doctor/nurse/phisician (OR) Medical provider has of a patents Condition ? (A) Greeno V. Daley, 414 F.3d 645,655 (7th Cir 2005).

(B) Farmer V. Brennan, 511 U.S. 825, 842, -43, 114 S.Ct 1970 (1994)

Also the policies is evidence of the defendants Knowledge of the risks inherent in CircumStances of a (fall) for Someone When is high risk of Serious damage to their future Health... Which is evidence that Staff Doctor's And Nurse's are Deliberately Indifferent if they Knowingly Continue a pattern of Culpable failure of Complaints and Manifest Symptons of pain failure to treat Worsening pains, Deliberate Indifference :

(A) Stewart V. Murphy 174 F.3d 530, 535 (5th Cir 1999)

(B) Perkins V. Kansas Dept of Corr, 165 F.3d 803, 811 (10th Cir 1999)

(C) Alsina-Ortiz V. Laboy, 400 F.3d 77, 81-82 (1st Cir 2005)

(D) Spencer V. Sheahan, 158 F Supp. 2d 837, 848-50 (N.D.Ill. 2001)

(E) Farmer V. Brennan, 511 U.S. 825, 842-43, 114 S.Ct. 1970 (1994)

(F) Lavender V. Lampert, 242. F. Supp 2d. 821,843 (D.or. 2002)

(G) Sulton V. Wright, 265 F. Supp. 2d 292, 300 (S.D.N.Y, 2003)

Pg# 16 - S.J.

Facts:

The Denial of Therapy- Physical therapy.
(A) Wheel Chair (B) accessible Shower/ShowerChair (C) Handicapped-
Cell (D) Denial of Low tier/ Low Bunk (E) Discrimination against
My disabilities. These Are ADA Claims! T

* Denied Mobility (1) Love V. Westville Corr Center, 103. F. 3d 558
(1996)
2) Naved V. Maloney, 172 F. Supp. 2d 276. 283 (D. mass 2001)
3) Becker V. Oregon, 170 F. Supp 2d 1061, 1068-69 (D. ore 2001)
4) Schmidt V. Odell, 64 F. Supp. 2d 1014, 10 33 (D. Kan. 1999)
5) Beckford V. Irvin, 49 F. Supp. 2d 170, 181 (W. D.N. y 1999)

* Discrimination  Prisoners have the Same interest in access to the
Use of programs, services and Activities available to Other Inmates
of their prison. As Disabled people on the Outside have to their
Counter part. programs, Service, equipment activities thats Available
to free people. 1) Harris V. Thigpen, 941 F. 3d 1495, 1522 (11th Cir 1991)
2) Rehabilitation Act, Bonner V Lewis 857 F. 2d 559 (9th Cir 1988)
3) Pierce V. County of Orange, 526 F. 3d 1190, 1217-23, 1226 (9th Cir 2008)
The Federal disability Statutes, Federal ADA and Section 504 of the
Rehabilitation Act Applies to prisoners. 42 USC. § 12101 et Seq -
29 USC. § 794.
1) Pennsylvania Dept. of Corr V. yeskey, 524 US. 206, 118 S Ct 1952
(1998)
2) Crawford V. Indiana Dept of Corr 115 F. 3d 481, 486 (7th Cir 1997).
I also have a (Pilonidal Cyst) Infected that I Could Not get treated for:
Defendants Wouldn't even look at it. Delay in Treatment (8th Amendment Claim)
1) Cooper V. Casey 97 F. 3d 914, 916-17 (7th Cir 1996) Delay
Delay in treatment of Medical Condition Could Cause life long
Handicapped (N) Permanent loss ON Disability.
1) Gutierre V. Petels, 111 F. 3d 1364, 1371 (7th Cir 1997)
pg. #17 - S. J.

*Facts*

Americans With Disabilities Act, Reflex on degree, Contemporary Standard of Decency Concerning treatment of individuals With a Disability. 1) Gonyer V. McDonald, 874 F. Supp. 464, 466 (D. mass 1995)

2) Morales Feliciano. V. Romera Barcelo. 672 F. Supp. 591, 617-18 (D. pr. 1986)

Sanitary Conditions Any Condition that persists over an Extended Period of time — is an Eighth Amendment Violation:

1) Patchette V. Nix, 952 F. 2d 158, 164 (8th Cir 1991)

2) Howard V. Adkison, 887 F. 2d 134, 137 (9th Cir 1989)

3) Harris V. Fleming, 839 F. 2d 1232, 1234-35 (7th Cir 1988)

Constitutional Protections Under 8th Amendment Prison Must Meet Medical needs of Inmates With Disabilities and Furnish the Assistance that they require in Order to live a minimally Decent life in prison. Inhumane treatment

1) Bradley V. puckett, 157 F. 3d 1022, 1025-26 (5th Cir 1998)

Denial of Shower Chair — for two Months | Wheel Chair |

1) Simmons V. Cook, 154 F. 3d 805, 808 (8th Cir 1998)

2) Hicks V. Frey, 992 F. 2d 1450, 1456-57 (6th Cir 1993).

3) Leach V. Shelby County Sheriff. 891 F. 2d 1241, 1243-44 (6th Cir 1989)

Double Mattress Stript

1) LaFaut V. Smith, 834 F. 2d. 389, 392-94 (4th Cir 1987

Deprivation of Rehabilitation Therapy

1) Parrish V. Johnson. 800 F. 2d 600, 605 (6th Cir 1986)

2) Ruiz V. Estella, 503 F. Supp. at 1346

3) Brown V. State 392 So 2d 113, 114-15 (La. App. 1980)

4) Kaufman V. Carter, 952 F. Supp. 520, 526 (W.D. mich 1996)

5) Casey V. Lewis, 834 F. Supp. 1569, 1581 (D. Ariz 1993)

Pg #18 - S.J.

*Facts*

**\*** The denial of (physical therapy) for Injuries held Serious
Medical Condition OR Pre-Existing (8th amendment claim)
1) Tillery V. Owens, 719 F. Supp. 1256, 1286 (e).D.pa. 1989)
2) Hathaway V. Coughlin, 37 F. 3d 63, 66 (2d Cir 1994) Degeneration!
3) Nance V. Kelly, 912 F. 2d 605, 607 (2d Cir 1990) Extreme Pain!
4) Hill V. Algor, 85 F. Supp. 2d 391, 410 (D.N.J. 2000) Nerve damage!

**\*** Failure to provide "leg-Knee brace" Was Actionable - Knee
Brace!
1) Brock V. Wright, 315 F. 3d 158, 162 (2d Cir 2003)

**\*** Medical Malpractice A misdiagnosis or Non diagnosis resulting
from failure to Exercise Ordinary Knowledge,
Skill, and Care Constitute Malpractic. 1) Coppage V. Mann, 906. F. Supp.
1025, 1040, 1049 E.D.Va. 1995 2) Scicluna V. Wells, 345 F. 3d 441, 446.
(6th Cir 2003)
3) Hudak V. Miller, 28 F. Supp. 2d 827, 832 (S.D.N.y. 1998)

**\*** Denied prescribed Continued treatment-Without Examination:
1) Conn V. City of Reno, 572 F. 3d 1047, 1056 (9th Cir 2009)
2) Farmer V. Brennan, 511 U.S. 825, 842-93, 114 S.Ct. 1970 (1994)

**\*** Diabetes Making Injuries Worse, More Serious Medical Need:
1) Ruffin V. Deperio, 97 F. Supp. 2d 346, 351-52 (W.D.N.y. 2000)
2) Wouland V. Food Service 294 F. Supp. 2d 596, 604 (D. Del. 2003)

**\*** Neurological Disorder (and) Serious Back Pains
1) Gil V. Vogilano, 131 F. Supp. 2d 486, 492 (S.D.N.y. 2001)
2) Baker V. Blanchette, 186 F. Supp. 2d 100, 103 (D. Conn. 2001)
3) Higgins V. Corr. Medical Services of Ill. 178 F. 3d 508, 511,
(7th Cir 1999)

**\*** Hemorrhoids (With) Infected Cyst!! likE I've got Now!
1) Jones V. Natesha, 151 F. Supp. 2d 938, 944 (N.D. Ill. 2001)
2) Hathaway V. Coughlin, 37 F. 3d 63, 66 (2d Cir 1994)
3) Wolfe V. Ferguson. 689 F. Supp. 256, 759 (S.D. Ohio 1987)

Facts

* Deprivation of Wheelchair, failure to provide access to Shower and Recreation as Reasonable accommodation:
1) Saunders V. Horn, 959 F. Supp. 689, 688 (E.D. pa 1996)
2) Henrietta D. V. Bloomberg, 331 F. 3d 261, 276-77 (2d Cir 2003)
3) Scott V. Garcia, 370 F. Supp. 2d 1056, 1074-75 (S.D. Cal 2005)

* Shower Denial Ended up With Bad Sores and Boils!!! 771 F. 2d 920, 928-29 (6th Cir 1985.
1) Walker V. Mintzes, 771 F. 2d 920, 308 (7th Cir 1928.
2) Preston V. Thompson, 589 F. 2d 300, 308 (1st Cir 2005).
3) Surprenant V. Rivas, 424 F. 3d 5, 19-20 (1st Cir 1982.
4) young V. Quinlan, 960 F. 2d 351, 365 (3d Cir 1992).

* Deliberate Indifference The Supreme Courts has Stated that (Deli-Indiff) to Serious medical need of prisoner Constitutes the Unnecessary and Wanton infliction of pain and Suffering (8th Amendment).
1) Erickson V. pardus, 551 US. 89, 99, 127, S. ct 2197 (2007)

* To Stop Inmate pain Medication Nevo pain
1) Martinz V. Beggs, 563 F. 3d 1082, 1088 (10th Cir 2009)
2) CuoCo V. Moritsugu, 222 F. 3d 99, 106-07 (2d cir 2000)
3) Estate of Cole by pardue V. Fromm, 94 F. 3d 254, 261-62 (7th Cir 1996)
4) youngberg V. Romeo, 457 U.S. 307, 323, 102 S. ct 2452 (1981)

* Denial of a handicapped Cell) Shelter : A prison Must proved Shelter that does not Cause prisoner degeneration (OR) threaten their (Mental (OR) physical) degeneration: 8th Amendment Violation...
1) Ramos V. Lamm, 639 F. 2d 559, 568 (10th Cir 1980).
2) Carty V. Farrelly, 957 F. Supp. 727, 736 (D.V.I. 1997)
3) Cummings V. Roberts, 628 F. 2d 1065, 1068 (8th Cir 1980)
4) Hallett V. New york State Dept. 109. F. Supp 2d 190 (S.D.N.Y. 2000)

Pg #20 - S.J.

Facts

✱ (5) Month Deprivation of (Wheel chair:)

1) Taylor v. plousis, 101 F. Supp. 2d 255, 261 (D.N.J. 2000)

✱ (2) Month Deprivation of Wheel chair:

1) Mullen v. Smith, 738 F. 2d 317, 318 (8th Cir 1984)

✱ Denial of Wheel Chair and Shower Chair and Physical therapy:

1) Beckford v. Irvin, 49 F. Supp. 2d 170-182-83 (W.D. Ny, 1999)

✱ Denial of Wheel Chair to Someone Who Obviously has an Injury:
an lacked Mobility Without it (thats) (Deliberate Indifference)
to Serious Medical need:

1) Navedo v. Maloney, 172 F. Supp. 2d 276, 284 (D. Mass 2001)

2) Lavender v. Lampert, 242 F. Supp. 2d 821, 843, 849 (D. or. 2002)

✱ Serious Back and leg Injuries (is) 8th Amendment Claim:

1) Johnson v. Hardin County, Kay, 908 F. 2d 1280, 1284 (6th Cir 1990)

✱ Orthopedic Shoes Denial – 8th Amendment Claim:

1) Hemmings v. Gorczyk, 134 F. 3d 104, 108 (2d cir 1998)

✱ Constitute Malpractice

1). Hudak v. Miller, 28 F. Supp. 2d 827, 832 (S.D.N.y. 1998)

2) Lemarbe v. Wisneski, 266 F. 3d 429, 440 (6th cir 2001)

3) Campbell v. Sikes, 169 F. 3d 1353, 1368-73 (11th Cir 1999)

4) Molton v. City of Cleveland, 839 F. 2d 240, 242-43 (6th Cir 1988)

5) Boring v. Kozakiewicz, 833 F. 2d 468, 471-73 (3d cir 1987)

6) CuoCo v. Moritsugu, 222 F. 3d 99, 106-07 (2d cir 2000),

Pg #21 - S. J.