## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**WILLIE J. STARR**
**ADC #109194**                                                                    **PLAINTIFF**

**V.**                             **4:20CV00064 JM**

**ESTELLA BLAND, et. al,**                                                **DEFENDANTS**

### ORDER

Plaintiff asks the Court to reinstate his 2020 lawsuit which was dismissed for failure to prosecute. Plaintiff claims that he was transferred between ADC facilities and did not get his mail and that his attorney did not contact him.

Based upon Plaintiff's allegations, the Court finds that the Judgment dismissing the case cannot be set aside under Rule 60. It is Plaintiff's responsibility as a pro se party to update his address with the Court each time his mailing address changes. Although Plaintiff states he had an attorney at one point during the litigation, an attorney never entered an appearance on his behalf. Even if Plaintiff had an attorney who failed to notify him of the Court's order to update Plaintiff's address, the facts to do not amount to excusable neglect under Rule 60. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). Finally, it has been well over a year since Judgment was entered against the Plaintiff. It would be prejudicial to the Defendants to allow Plaintiff to reopen his case at this time.

Plaintiff's Motion for Relief (ECF No.129) is DENIED. Plaintiff's Motion to Compel (ECF No. 131) is MOOT.

IT IS SO ORDERED this 17th day of October, 2024.

_____
James M. Moody Jr.
United States District Judge